## UNITED STATES v. GANO-MOORE CO.

## THE HASELHURST.

District Court, E. D. Pennsylvania. June 19, 1929.

No. 169 of 1926.

M. H. Avery, of Washington, D. C., and George W. Coles, U. S. Atty., of Philadelphia, Pa., for the United States.

C. W. Van Artsdalen, of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge. This cause in admiralty involves the construction of a charter party, and arises upon a state of facts substantially similar to those involved in United States, Owner of the Arizpa, v. Gano-Moore Co. (in Admiralty, No. 143 of 1923) 35 F.(2d) 395, in which an opinion is filed herewith.

The opinion in the case referred to disposes of the first two defenses offered by the respondent, namely, that the United States is not a proper party to the proceedings, and that the respondent was erroneously described as a Pennsylvania corporation. The third defense is compromise and settlement; but, as this is a substantive defense, not disclosed in the libelant's proofs, and not evidenced by anything offered by the respondent, it need not be considered.

The wording of the charter party in this case is different from that in the Arizpa Case. The lay day clause is as follows: "4. Lay days for loading, if required by the party of the second part, not to commence before March 22, 1920; otherwise lay days to commence from time steamer is ready to load 96 hours after master has given notice in writing of such readiness. * * * Cargo to be loaded into steamer with customary dispatch, in accordance with the rules

of the port of loading, but in no case at less than 1,000 tons per running day, Sundays and legal holidays excepted. * * * "

Libelant admits that respondent is entitled to 4 days' free time under this clause. The only question in the case is whether that time is to be extended by the addition of a day and a half, by reason of the fact that a a Sunday and half holiday happened to fall within the period covered by it. I hold that the libelant's contention in this respect is correct, and that the free time is not to be extended, and, in so doing, follow the reasoning of the court in The Theodore Roosevelt (C. C. A.) 12 F.(2d) 562, which seems to me to be sound and applicable to the situation in this case.

Decree for libelant in the amount of $968.97, together with interest and costs.